UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK ALLEN,

        Plaintiff,                                  Case No. 1:11-cv-715

v.                                                   Honorable Janet T. Neff

JEFFREY C. STIEVE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and has directed Plaintiff to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Pugsley Correctional Facility. Plaintiff alleges that he has "no recognizable joint and has a deformity" on his left hand. (Compl., docket #1, Page ID#3.) He is left-hand dominant and his condition hinders his mobility in daily tasks. Several doctors and specialists have recommended reconstructive surgery. Plaintiff sues Dr. Jeffrey Stieve, the Acting Chief Medical Officer of the Michigan Department of Corrections (MDOC), as well as the MDOC Medical Services Advisory Committee. Plaintiff contends that Defendants have denied his request for reconstructive surgery. As relief, Plaintiff requests damages for the "pain and suffering" that he must endure every day. (*Id.*)

**Discussion**

I.   Sovereign immunity

Defendant MDOC Medical Services Advisory Committee is immune from Plaintiff's claim. The Sixth Circuit has held that "[a] prison's medical department is not an entity with a corporate or political existence, and may be seen as nothing more than an arm of the [Department of Corrections]." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006). Similarly, the MDOC's medical advisory committee is also an arm of the MDOC. The Eleventh Amendment bars actions against the MDOC in federal court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal

court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. Mar. 12, 2010).

Accordingly, the Court will dismiss the MDOC Medical Services Advisory Committee[1] as a Defendant because Plaintiff's claims against it are barred by the Eleventh Amendment.[2]

      II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct.

---

[1] Even if it were not immune, the Medical Services Advisory Committee is not a "person" that can be sued under 42 U.S.C. § 1983. For purposes of § 1983, a "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978). In *Hix*, the Sixth Circuit held that a state prison's medical department could not be sued under § 1983 because it is not an entity with a corporate or political existence. 196 F. App'x at 355-56. The same logic applies to the MDOC's Medical Services Advisory Committee.

[2] To the extent Plaintiff sues unnamed, individual members of the committee, he fails to state a claim, for the same reasons that he fails to state a claim against Defendant Stieve. *See* Section II, *infra*.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's threadbare complaint does not identify the legal basis for his claim, though the Court liberally construes his allegations to assert an Eighth Amendment claim based on denial of adequate medical care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent

to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).  Moreover, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

Plaintiff alleges that Defendants, including Dr. Stieve, denied Plaintiff's request for reconstructive surgery.  Plaintiff's allegations fail to satisfy both the subjective and objective components of an Eighth Amendment claim.  First, Plaintiff fails to allege a risk of serious harm from the failure to receive surgery.  Plaintiff merely alleges that he currently experiences limited mobility, which has resulted in "pain and suffering."  (Compl., Page ID#3.)  Limited mobility in Plaintiff's hand does not, in itself, present a need for urgent medical treatment, much less a risk of serious harm to Plaintiff.  Plaintiff does not allege that surgery is necessary to avoid further harm, such as a deterioration in his condition.  Furthermore, Plaintiff's allegation that he experiences "pain and suffering" is too vague to suggest a serious medical need.  Clearly, not every discomfort experienced by a prisoner constitutes a *serious* need that would implicate the Eighth Amendment.

Second, even assuming that Plaintiff's allegations are sufficient to satisfy the objective prong of an Eighth Amendment claim, they fail to satisfy the subjective prong because there is no indication that Defendants had a sufficiently culpable state of mind.  *See Brown*, 207 F.3d at 867.  Plaintiff does not allege that Defendants were aware of Plaintiff's "pain and suffering," or any other possible risk of serious harm, much less that they were deliberately indifferent to it.  In the absence of allegations indicating deliberate indifference to a serious medical need, Plaintiff does not state an Eighth Amendment claim.  Therefore, Plaintiff's claim against Defendants, including Defendant Stieve, will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on the basis of sovereign immunity and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 26, 2011         /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge